# COURT OF APPEALS OF TEXAS.

## GALVESTON TERM, 1885.

[No. 1672.]

### HENRY NANCE v. THE STATE.

1. INCEST — AUTREFOIS ACQUIT — IDEM SONANS.— To a prosecution under an indictment charging him with incest with one Pauline Seitz, the accused pleaded an acquittal in a trial for the same offense under an indictment which charged that the offense was committed with one Pauline Leitz. *Held*, that the plea in bar was not good; that Pauline Leitz and Pauline Seitz are not *idem sonans*.

2. VENUE.— CIRCUMSTANTIAL EVIDENCE is as competent to establish the venue of the offense as it is to establish any other issue in the case.

3. SAME.— MARRIAGE of the parent and the step-parent, where the incestuous intercourse is charged to have transpired between the step-parent and step-child, may be proved by circumstantial presumptive evidence as well as by a witness who was present at the celebration of the marriage.

4. SAME — CASE DISTINGUISHED.— If, in an incest case, the incestuous intercourse being charged to have transpired between a step-parent and child, there be evidence tending to show the former marriage of the child's parent, it devolves upon the State to establish that such former marriage was annulled either by death or divorce. Such is not the rule in the absence of evidence of a former marriage, and no such burden of proof is imposed on the State. (*McGrew's* case, 13 Texas Ct. App., 340, distinguished.)

5. SAME — FACT CASE.— See the statement of the case for evidence *held* sufficient to support a conviction for incest.

APPEAL from the District Court of Goliad. Tried below before the Hon. H. C. Pleasants.

The appellant in this case was convicted under an indictment charging him with the offense of incest with his step-daughter, Pauline Seitz, in Goliad county, Texas, on the 8th day of January, 1883. His punishment was assessed at a term of two years in the penitentiary.

Mrs. Humphrey Heard was the first witness for the State. She testified that she knew the defendant Henry Nance, and had known him and his wife, the mother of Pauline Seitz, since a long time before her, witness's, removal to Goliad county. Witness had lived in Goliad county, within two miles of Henry Nance's house,

for about two years. She knew the name of Henry Nance's wife, but could not call it to mind. The witness was a midwife by profession. She was sent for, in her professional capacity, to deliver Pauline Seitz of a child. This was in the month of May, 1883. She was sent for by Mrs. Nance, the mother of Pauline and the wife of the defendant. In response to this summons, she went to the house of the defendant, in Goliad county, in the month stated, and delivered the said Pauline. No one was present at the time of the delivery but Pauline and her mother, Mrs. Nance and the witness. The said Pauline is an unmarried female. Nothing was said at the time of the delivery by either Pauline or Mrs. Nance as to the father of the child. Pauline had always lived at the defendant's house, so far as the witness knew. If Pauline and her mother left the neighborhood in January, 1883, the witness knew nothing about it. Witness knew no other facts about this case except from hearsay.

W. H. Baker was the next witness for the State. He testified that he knew the defendant, his wife Amerial Nance, and Amerial Nance's daughter, Pauline Seitz. The witness had known all of these parties for a long time, and lived within a mile or two of them, in Goliad county, Texas, in 1883. In the month of January of that year Amerial Nance, the defendant's wife, sent for the witness to go to the defendant's house. Reaching the house the witness found the defendant and his wife in great distress. He asked the defendant, in the presence of his wife, the cause of this distress. Mrs. Amerial Nance replied: "Family trouble." The defendant replied: "I cannot tell you here." Going with the witness away from the house, and beyond the hearing of his wife, the defendant said to witness: "Pauline is pregnant by me. You know she is young and pretty when dressed, and I could not resist the temptation." The witness said nothing in reply.

The defendant's wife arranged for the witness to escort her and her daughter to Bosque county, and the witness consented. The witness escorted Mrs. Nance and her daughter Pauline to Bosque county in January, 1883, left them there and returned to Goliad county during the same month, and shortly afterwards left Goliad county, going to his old home in Alabama. The witness afterwards returned to Texas from Alabama, and now lives in Hays county. He did not know when Mrs. Nance and Pauline returned to Goliad county from Bosque county. The defendant did not go to Bosque county with his wife, Pauline and witness, and the witness went as escort upon the request of Mrs. Nance, Pauline's mother. He had

no ill-feeling towards the defendant, and had never entertained ill-feeling toward him. He had never had trouble with Mr. Shaper about the killing of a hog. He had told Shaper that if he, witness, had ever killed one of his, Shaper's, hogs for fence breaking, he, witness, would pay for it. Witness could not recall the date of this conversation with Shaper, for the reason that there was nothing serious in it, and it made no lasting impression on his mind. On the contrary, the defendant's confession of his responsibility for the pregnancy of Pauline, made an impression upon his mind that the witness can never forget it, and for that reason he is enabled to testify about it minutely as to time, place and incident. The witness is a kinsman of the defendant. Amerial Nance is the wife of the defendant and the mother of Pauline.

R. B. Williams was the next witness for the State. He testified that he knew the defendant, his wife, Mrs. Nance, and Pauline Seitz, and had known them for a long time. Witness and they lived in the same neighborhood in Goliad county, Texas. In January, 1883, the defendant sent for the witness, and the witness went to his house. He found the defendant in very great distress, and asked him what was the matter. The defendant said that he had great family trouble. Witness asked him what was his family trouble, but he seemed unwilling to say. Witness then asked him if it concerned Mrs. Nance. Defendant said that it concerned Pauline. Witness asked him if Pauline was pregnant, and defendant replied: "She may be." Witness then asked the defendant if he was the father of the prospective child, and he replied: "I may be." The witness then asked him how long Pauline had been pregnant. He replied: "She has been pregnant possibly five months, and I am in great trouble about it, and my wife is in great trouble about it." Pauline is the daughter of Mrs. Nance, the defendant's wife, and lived with her mother in the defendant's house in Goliad county. The Nances, husband and wife, and Pauline had lived in the neighborhood for a number of years. Witness knew that the defendant had two or three children by his wife. Pauline was between twenty-two and twenty-four years of age, and was the defendant's only step-daughter. Witness did not know when Pauline left Goliad county in January, 1883, nor when she returned. He did not, of his own knowledge, know that she was ever delivered of a child.

L. F. Webb was the last witness for the State. He testified that he was the proprietor of a store in Middletown, near the home of the defendant. He was acquainted with the defendant, his wife, and Pauline Seitz. The defendant, in a state of great distress, came to

the witness's store, some time during the year 1883. The witness asked him what was the matter. He replied that he was suffering greatly because of family troubles. Witness asked him then if the trouble was about Pauline. He answered in the affirmative and said: "It has been going on for about eight years;" adding, "money cannot buy a broken heart." Witness said nothing more to the defendant. Witness did not know of his own knowledge that the girl was ever delivered of a child, nor did he know of his own knowledge when she left and returned to Goliad county.

The defendant introduced in evidence the indictment in cause number 1653, charging him with incest with Pauline Leitz, in Goliad county, Texas, on the 8th day of January, 1883, and the verdict of acquittal, and the judgment thereon.

The questions discussed in the opinion, and the sufficiency of the charge of the court, were the grounds relied upon in the motion for new trial.

*G. W. Merriwether* and *Seth Woodruff* filed an able brief for the appellant. Their third proposition is as follows:

The evidence does not show affirmatively that the marriage of Amerial Nance, the alleged wife of defendant and mother of Pauline Seitz, was dissolved by the death or divorce of the latter, prior to the marriage of the said Amerial Nance to defendant. The evidence shows that Pauline Seitz is the daughter of Amerial Nance, and the legal presumption is, in the absence of proof to the contrary, that she is a legitimate daughter, and, if legitimate, there must have been a former marriage. (*McGrew* v. *The State*, 13 Texas Ct. App., 340.)

The fourth proposition under the fourth assignment of error is based upon the merits of the case and complains that the evidence is insufficient to establish the alleged carnal knowledge of the said Pauline Seitz by defendant. (*Tuberville* v. *The State*, 4 Texas, 135; *Gay* v. *The State*, 2 Texas Ct. App., 127.)

*J. H. Burts*, Assistant Attorney General, for the State.

Hurt, Judge. This is a conviction for incest. The appellant was tried and acquitted of incest under an indictment which charged that the crime was committed by having carnal knowledge of one Pauline Leitz. The indictment in this case charges that the incest was committed by having carnal knowledge of one Pauline Seitz. In bar of the prosecution under the second indictment, the acquittal under the first was interposed and pleaded by the defendant. Ques-

tion: Was the acquittal under the first indictment — that which charged that the name of the female was Pauline Leitz — a bar to the prosecution under the second indictment, which alleged the name of the female to be Pauline Seitz? This question must be answered in the negative, unless proof that the defendant had carnal knowledge of *Pauline Seitz* would have supported the allegation that defendant had carnal knowledge of Pauline Leitz. Evidently a variance between the allegation as to the name of the female and the proof is apparent, for the names are neither the same nor *idem sonans.*

Counsel for appellant contend that the evidence is insufficient to support the indictment in the following particulars:

1st. "That the venue is not proved by sufficient evidence, but was left to inference." To the character of evidence we can see no objection. The venue may be established by circumstantial evidence, as well as the crime itself.

2d. "The legal marriage of defendant with the mother of Pauline Seitz, the step-daughter of defendant, was not proved by affirmative evidence." The evidence of the marriage of the mother of Pauline and defendant is amply sufficient. It is not necessary to prove the marriage by a witness who was present when it was celebrated and who witnessed the same. Marriage in this case, when an issue in the case, can be proved by circumstantial, presumptive evidence.

3d. "That there was no proof that Mrs. Nance, the wife of defendant, had been divorced from her former husband, the father of Pauline, or that he was deceased at the time of her marriage with defendant." The only evidence in the record that Mrs. Nance had ever been married to any other person than defendant is the fact that she had a child named Pauline Seitz, who was not the daughter of defendant. Counsel for appellant very plausibly argues that for this fact it must be inferred that Mrs. Nance had formerly been married to one Seitz, and that therefore the rule laid down in *McGrew* v. *The State,* 13 Texas Ct. App., 340, should be applied. In the McGrew case there was evidence of a former marriage between Ann McGrew and one Andrew Jameson, besides that furnished by the fact that Alice Jameson was the daughter of Ann McGrew. In this case there is no such evidence; hence the rule in McGrew's case was not applicable, and the State was not required to prove a divorce or that Seitz was dead at the time of the marriage between defendant and Amerial Nance.

4th. "That the evidence is not sufficient to establish the carnal

knowledge of Pauline Seitz by defendant." Defendant not only confessed having carnal intercourse with Pauline, but from his conversations with the witnesses the conclusion is inevitable that this was quite frequent. We have examined all of the questions presented by appellant in his brief, and fail to discover such error as would require a reversal of the judgment of the court below. The charge of the court we think is very favorable to defendant, and is not obnoxious to the criticism of counsel for appellant.

The judgment is affirmed.

*Affirmed.*

[Opinion delivered January 10, 1885.]